UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KENNETH TAYLOR, § | |
| TDCJ # 00828757, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-0358 |
| § | |
| BRYAN COLLER, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Taylor, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. He filed this lawsuit under 42 U.S.C. § 1983 alleging that extreme heat at TDCJ's Terrell Unit violates his Eighth Amendment rights. The parties have filed cross-motions for summary judgment (Dkt. 17, 29), which are pending before the Court. Plaintiff recently filed two motions seeking emergency relief based on the summer heat (Dkt. 25, 35). He also has filed a motion for discovery (Dkt. 7), a motion for appointment of counsel and class certification (Dkt. 13), and a "special request" for the undersigned to visit the Terrell Unit "on a day when the heat is above 90 [degrees]" (Dkt. 32).

### I. BACKGROUND

In 2017, Plaintiff was transferred from the Pack Unit in Navasota to the Terrell Unit in Rosharon. Plaintiff states that he was transferred because he is at risk for a stroke and therefore needed to be close to UTMB in Galveston (Dkt. 1, at 4; Dkt. 34, at 3). He states that both the Pack Unit and the Terrell Unit are medical facilities, and that "a large

number" of Terrell inmates are sick or elderly (Dkt. 1, at 4; Dkt. 34, at 3). He also claims that extreme heat exacerbates his medical condition and causes him to have transient ischemic attacks, or "mini-strokes" (Dkt. 34, at 3). He provides copies of administrative grievances he submitted about heat mitigation measures at the Terrell Unit (Dkt. 1-1). His classification records indicate that his work assignment is limited to jobs without temperature extremes, but that his housing assignment has no restriction (Dkt. 29-11, Exhibit K).

Plaintiff alleges that the conditions at the Terrell Unit are equivalent to those at the Pack Unit, which was the subject of a lawsuit resolved in 2018 by a court-approved settlement agreement regarding heat mitigation measures. *See Cole v. Collier*, Civil Action No. 4:14-cv-1698 (S. D. Tex.) (Ellison, J.). In particular, Plaintiff alleges that the Pack Unit and the Terrell Unit "have almost identical floor plans and house the same type of medical inmates" (Dkt. 25, at 2). He refers the Court to Judge Ellison's 2017 opinion granting limited injunctive relief. *See* Memorandum and Opinion Setting Out Findings of Fact and Conclusions of Law, dated July 19, 2017 (Dkt. 737 in *Cole*).

Plaintiff requests an order requiring the Terrell Unit "and other medical related facilities in the Texas prison system" to maintain a temperature between 65 and 85 degrees "year round" (Dkt. 1, at 4; *see* Dkt. 25). He also seeks an infrastructure "that will support this system on emergency power" (Dkt. 1, at 4).

With their summary judgment motions, Defendants have presented evidence of heat mitigation measures implemented at the Terrell Unit in 2017 and 2018, including air-conditioned respite areas, ice water, personal fans, cooldown showers, and wellness

checks (Dkt. 29, at 13-16; *id*. Exhibit A). Plaintiff claims that these heat mitigation measures are often ineffective or unavailable. He further alleges that Defendants are hindering inmates' access to the cold water showers and that the "respite area" is not air-conditioned (Dkt. 35).

## II.  DISCUSSION

### A.  Emergency Motions

Extreme cell temperatures in a prison can violate the Eighth Amendment. *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015); *Gates v. Cook*, 375 F.3d 323 (5th Cir. 2004). "To be tantamount to the infliction of cruel and unusual punishment, prison conditions must pose an unreasonable risk of serious damage to a prisoner's health—an objective test—and prison officials must have acted with deliberate indifference to the risk posed— a subjective test." *Ball*, 792 F.3d at 592 (internal quotation marks omitted) (affirming holding that Eighth Amendment was violated when prisoners who were being treated for hypertension and diabetes were held in very hot cells without sufficient access to heat-relief measures); *see Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (affirming holding that inmates with heat-sensitive medical conditions who were housed in cells where the temperature exceeded 100 degrees had asserted facts that, if proven, would overcome qualified immunity). To prove a constitutional violation, an inmate need not show that a death or serious injury already has occurred, but rather that there is a "substantial risk of serious harm." *Ball*, 792 F.3d at 593 (citing *Gates*, 376 F.3d at 333).

Plaintiff seeks emergency injunctive relief. A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a

substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

The first prong of the test for injunctive relief requires Plaintiff to show a substantial likelihood of success on the merits. To make this showing, Taylor relies entirely on the *Cole* case: "The plaintiff believes that this case will end in favor of the inmates and himself at C. T. Terrell . . . because the Southern District of Texas has already ruled in a case very, very similar in the honorable Judge Ellison's court that originated at the Wallace Pack Unit in Navasota, Texas, case number 4:14-CV-1698" (Dkt. 25, at 2). This argument falls short for several reasons. First, the injunctive relief in *Cole* was based on an extensive factual record regarding conditions at the Pack Unit and specifically tailored to those conditions. Although there may be similarities between the Pack Unit and the Terrell Unit, any such similarities are not sufficiently established on this record to justify injunctive relief. Second, the injunctive relief in *Cole* was narrower than the relief Plaintiff now seeks, which is for temperatures throughout the Terrell Unit to be maintained between 65 and 85 degrees year-round. In fact, Judge

substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

The first prong of the test for injunctive relief requires Plaintiff to show a substantial likelihood of success on the merits. To make this showing, Taylor relies entirely on the *Cole* case: "The plaintiff believes that this case will end in favor of the inmates and himself at C. T. Terrell . . . because the Southern District of Texas has already ruled in a case very, very similar in the honorable Judge Ellison's court that originated at the Wallace Pack Unit in Navasota, Texas, case number 4:14-CV-1698" (Dkt. 25, at 2). This argument falls short for several reasons. First, the injunctive relief in *Cole* was based on an extensive factual record regarding conditions at the Pack Unit and specifically tailored to those conditions. Although there may be similarities between the Pack Unit and the Terrell Unit, any such similarities are not sufficiently established on this record to justify injunctive relief. Second, the injunctive relief in *Cole* was narrower than the relief Plaintiff now seeks, which is for temperatures throughout the Terrell Unit to be maintained between 65 and 85 degrees year-round. In fact, Judge

Ellison's ruling specifically declined to order the Pack Unit to lower temperatures in all housing areas, noting that federal statute limits the court's ability to fashion injunctive relief and that injunctive relief must be narrowly drawn. *See* Memorandum and Opinion Setting Out Findings of Fact and Conclusions of Law, dated July 19, 2017 (Dkt. 737 in *Cole*), at 95. Third, Defendants have presented summary judgment evidence regarding heat mitigation measures at the Terrell Unit in 2017 and 2018, some of which were implemented after Judge Ellison granted injunctive relief regarding the Pack Unit. Given these considerations, *Cole* in itself is insufficient to carry Plaintiff's burden to demonstrate a substantial likelihood of success on the merits of his claim regarding the Terrell Unit.

The second requirement for injunctive relief is a showing that Plaintiff will face a "substantial threat of irreparable injury" if injunctive relief is denied. Plaintiff has failed to demonstrate or allege a substantial risk. In his emergency motion, he alleges that the "possibility of injury is very likely to myself and other inmates with medical issues" (Dkt. 25, at 3). However, Plaintiff has not specifically identified his medical diagnosis making him prone to strokes, nor has he explained its connection to heat sensitivity. He has not alleged or provided information about any specific medical episodes he has suffered that are attributable to heat conditions at the Terrell Unit. Although he states generally that he has had several mini-strokes, he does not provide the dates for such episodes or any other information about them. On this record, Plaintiff has not met his burden to show that he faces a substantial threat of irreparable injury if the requested injunctive relief is denied.

Given that Plaintiff is required to satisfy each of the four elements for injunctive relief, s*ee Jones*, 880 F.3d at 759, the Court need not address the third and fourth requirements.

Based on the holdings above, emergency relief is denied. The parties' summary judgment motions remain pending, and the Court will fully consider the parties' arguments and exhibits when ruling on those motions.[1]

### B. Other Motions

Plaintiff's motion for discovery (Dkt. 7), filed in December 2017, sought information about heat-related emergencies throughout TDCJ. The motion was premature, filed before this Court ordered Defendants to answer, and is denied on this basis. *See* Order to Answer (Dkt. 8, at 2) ("No further discovery will be allowed except on further order of the Court"). Moreover, the motion now is stale because, since Plaintiff filed his motion, Defendants have served Plaintiff with copies of several disclosures (Dkt. 14, 21, and 27), and its summary judgment motion and exhibits (Dkt. 29), which include information relevant to Plaintiff's requests. For all of these reasons, the motion for discovery is denied.

Taylor also seeks appointment of counsel and class certification (Dkt. 13). There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel to advance the proper

---

[1] Plaintiff's motion to amend his complaint (Dkt. 31) will be considered in conjunction with the summary judgment motions.

administration of justice in exceptional circumstances and where an indigent litigant has colorable claims that will not receive a meaningful hearing without counsel. *See* 28 U.S.C. § 1915(e)(1); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Ulmer*, 691 F.2d at 213. Taylor has thus far shown himself capable of self-representation and has filed appropriate motions for relief, and his Eighth Amendment claim does not present a novel question of law. *See Baranowski*, 486 F.3d at 126. Therefore, his motion for appointment of counsel is denied at this time.

Class certification requires a showing by the plaintiff that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). *See M.D. ex rel Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012). Assuming that Rule 23(a) is satisfied, the plaintiff must also meet the requirements of Rule 23(b)(1), (2), or (3). *See id.* at 837. Taylor argues that class certification is appropriate based on the class action "defined in Judge Ellison's courtroom in the TDCJ's Pack Unit litigation," asserting that the Terrell Unit is "almost identical" to the Pack Unit because it is a "medical unit" with ill, handicapped, and elderly inmates affected by the heat, referring to "special housing" for certain "heat restricted" inmates (Dkt. 13, at 2). Taylor does not state whether he is a "heat restricted" inmate, and in fact does not identify the members of the class he seeks to certify. He fails to address any of the requirements for class actions in Rule 23(a), and

the record does not contain evidence that the requirements are satisfied. The motion for class certification therefore is denied.

Finally, Plaintiff's request that the undersigned visit the Terrell Unit on a hot day (Dkt. 32) is denied at this time. At a later stage of this litigation, if the Court finds that this request would facilitate the development of material facts, the Court will reconsider the request on its own motion.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motions for emergency relief (Dkt. 25, 35) are **DENIED**. The parties' summary judgment motions remain under advisement.

2. Plaintiff's motion for discovery (Dkt. 7), motion for appointment of counsel and class certification (Dkt. 13), and motion for special request (Dkt. 32) are **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 6th day of August, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge