United States District Court
Southern District of Texas
**ENTERED**
November 20, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH TAYLOR, | § | |
| TDCJ # 00828757, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0358 |
| | § | |
| BRYAN COLLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER FOR EXPEDITED RESPONSE

Plaintiff Kenneth Taylor, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. He filed this lawsuit under 42 U.S.C. § 1983 alleging that extreme heat at TDCJ's Terrell Unit violates his Eighth Amendment rights. Plaintiff has filed a motion for emergency injunction (Dkt. 43), as well as other documents requesting emergency relief (Dkt. 41, Dkt. 42). Plaintiff alleges that, in retaliation for Plaintiff filing this lawsuit, TDCJ officials at the Terrell Unit are not complying with instructions from his doctors regarding housing and medication needs and that, given his history of stroke and recent surgery, have placed his health and life at risk.[1] The Court takes judicial notice that, on November 19, 2018, Plaintiff filed a separate suit raising these issues, which also is assigned to the undersigned. *See Taylor v. Collier*, Civil Action No. 3:18-0394. Bryan

---

[1] Plaintiff also filed a request for a Court investigation into the Terrell Unit mailroom (Dkt. 44). The Court does not address the mailroom issue in this opinion.

Collier and Terrell Unit officials are defendants in both suits. The attachments to Taylor's complaint in Civil Action No. 3:18-0394 indicate that he has pursued his administrative remedies regarding many of the issues raised in the emergency motion in the case at bar.

A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

Taylor's recent filings raise multiple related issues. He states he has "artery disease" and a history of strokes, that he had surgery in August 2018 and has a "new stent in his brain," and that he is required to take medication (Clopidogel 75mg) to keep his stent from "getting plugged and causing a stroke" (Dkt. 43, at 4). He further states that, given his medical condition, his doctors (including a specialist at Hospital Galveston) have documented that he is unable to walk more than fifty yards and have requested a housing assignment as close to the infirmary as possible. *See* Dkt. 42, at 7 (memorandum

dated October 11, 2018 states that Taylor "had a breakthrough seizure" and "NEEDS TO BE AS CLOSE TO PILL WINDOW AS POSSIBLE" to increase compliance with medication regime). Taylor alleges that TDCJ officials have refused to comply with the request and have no adequate justification for the refusal (Dkt 43, at 7-8). He states that, because he cannot walk far enough to reach the pill window, he is being denied access to his medication. He alleges that, without the medication, he is at risk of another stroke, which could cause further injury or death (Dkt. 43, at 5).[2]

Taylor further alleges that TDCJ officials at the Terrell Unit are aware of his medical restrictions and the specialists' orders for medication and housing, but "pass the buck" and do not comply with the orders. He alleges that medical staff at the Terrell Unit have not addressed his needs, telling him that "it's up to TDCJ to move [him]" and they can only place the restriction (Dkt 41, at 2). He alleges that his "I-60" requests to TDCJ officials are interpreted as "sick call" slips and routed back to the clinic, without his housing and medication needs being addressed. Taylor alleges that TDCJ officials are motivated by retaliation because he filed the underlying suit regarding heat conditions.

Given Taylor's apparent medical condition and the substantial threat of irreparable injury if his medication needs are unmet, the Court **ORDERS** Defendants to file an expedited response to his motion for emergency injunction (Dkt. 43), as well as any related requests in his earlier filings alleging retaliation (Dkt. 41, Dkt. 42), on or before

---

[2] Yesterday, the Fifth Circuit decided *Delaughter v. Woodall* and noted that delay of medical treatment for a non-medical reason can constitute "deliberate indifference" under Eighth Amendment standards. *Delaughter v. Woodall*, No. 16-60246, 2018 WL 6037504, at *5 & n. 7 (5th Cir. Nov. 19, 2018).

**5:00 p.m**. on **Monday, November 26, 2018.** Defendants are instructed to inform the Court regarding (1) whether TDCJ officials have complied with relevant medical instructions regarding housing assignments and, if not, why not; (2) whether Taylor is receiving his medications as ordered and, if not, why not; (3) other facts in Defendants' possession that would be helpful to the Court in resolving this emergency motion.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 20th day of November, 2018.

_____
George C. Hanks Jr.
United States District Judge