UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 11 2018

David J. Bradley, Clerk of Court

KENNETH TAYLOR, TDCJ #828757 §
Plaintiff
 §
VS. § CIVIL ACTION No. 3:17-CV-0358
BRYAN COLLER, et al, §
Defendants

## Response, Objection, and or Rebuttal of Defendants Supplement of Exhibit D

TO THE HONORABLE JUDGE OF THE SAID COURT:

Now comes, Kenneth Taylor, Pro Se Plaintiff in the above action and he makes this response, objection and rebuttal of the defendants exhibit D.

### I

A document filed "Pro Se" is to be liberally construed and a Pro Se complaint, however artfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers. ERICKSON V. PUDUS 127 S.Ct. 2197; and HAINS V. KERNER 92. S. Ct. 594.

### II

The Plaintiff will state again that the defendants have not served him with a copy of their so-called responce to the courts order that was due on or before 5 PM on Monday November 26, 2018.

# III

In Arlisa Simon-Hastings Affidavit it states that the plaintiff "does not have a housing restriction". This statement is untrue and presents false evidence to the court. The Plaintiff has two such housing restrictions.

The housing restrictions are broke down in 3 categories: (A) Basic (B) Bunk assignment. ⟨which plaintiff has #2 Lower bunk only⟩ (C) Row assignment ⟨which plaintiff has #2 Ground floor only⟩. The Plaintiff has already supplyed the court with a copy of those restriction. ⟨see plaintiff Brief in support of Formal charge of Retalation and indangerment Exhibits B⟩.

Again MS. Hasting brings a false claim before the court when she states that the 50 yard walking restriction is only for work. The Plaintiff would first like to point out that if he can't walk 50 yards at work, how is it he can walk over 100 yards to get medical attention, food, medication and showers.

But Better then that Lets Look at the so-called HS-18 form that MS. Hastings keep calling to the court attention as her only defense. Section III. WORK ASSIGNMENT / RESTRICTIONS. I have #8 No walking over 50 yards. The back slash makes this and or restriction. The Webster Dictionary states as follows: " The "/" diganal or slant or solidus or vryule: used to mean "or" ⟨as in and/or⟩, "and/or." " Therefore this restriction applys for everything. For the plaintiff this applys even more because he walks with the aid of a Ankle/Foot Support, Brace & Limb Footwear ⟨AFOs only⟩, and a walker.

The Plaintiff was made handycap do to a stroke in 2014 and his on go struggels with an artery Illness inside his brain.

"2"

Ms. Hasting further states that she does not have access to medical records of offender for privacy reason. This also does not hold water, because: The U.T.M.B. CORRECTIONAL Managed Health Care Policy H-61.1 II Page 2 of 9 Sec. A. Access to Health Records:

1) The following is a list of personnel who may request and receive PHI: ⟨Protected Health Information⟩

(i) The facility Administrator or designee. Each facility health records Department will be provided and maintain a facility Administrators designee list.

This being the case, Ms. Hasting is the head of classification a fact she make everyone know. Therefore she is one of the 3 top Administrators on the C.T. Terrell unit, She is most likely has that Medical information at her finger tips.

## IV

The truth of the matter is that all the defendants and Major Blake and Ms. Hasting were all informed of my medical condition change when I returned from the Hospital and again after seeing the specialist and him requesting me to be moved closer to the Medical department, on October 11, 2018. The defendant refused to do anything.

Next the defendants and Ms. Hastings were again informed on October 29, 2018 that the Plaintiff need to be moved do to medical reason, but again the defendants refused to move the Plaintiff.

Next the defendant and Ms. Hasting were again informed on November 12, 2018 by Adabobi, Nwafor F.N.P. to be moved do to Medical reason. But again they refused to move the plaintiff.

"3"

The defendants refused to take any action until they were served with this courts order dated November 20, 2018.

Its clear that the defendant acted of refusel to move the Plaintiff was out retalation. The defendants Rebook attempt to miss-lead this court through Arlisa Jimon-Hasting Affidavit is Fraud.

## V

In the Courts order of November 20, 2018 addressed 3 Issues (1) whether TDCJ officials have complied with relevent medical instructions regarding housing assignment and if not, why not; (2) whether Taylor is receiving his medication as ordered and, if not, why not; (3) other facts in Defendant's possession that would be helpful to the court in resolving this emergency motion.

The only Issue that has been addressed to the Plaintiff or the court to the best of the Plaintiffs knowledge is the move or change in housing assignment.

Further Move 3 Medical experts request the Plaintiff to be moved: (1) Doctor Varum B. Shah at U.T.M.B. Galvestons Neurology Department Oct. 11, 2018; (2) Doctor Kwabena, Owusu M.D. at C.T. Terrell Medical Department on Oct. 29, 2018; (3) Adaobi, Nwafor F.N.P. at C.T. Terrell Medical Department.

The medication Issue has only been address as to closer access to the Pill-Window. The medication already Prescribed. The medication to keep my blood flow moving should be at 100% compliance at this time. But the medication for the Nerve Pain in the Plaintiffs left side has not been addressed. Doctor Varum B Shash made it

"4"

very clear that Neurotin 300 mg T.I.D is the only medication the Plaintiff take. The reason being is that the substatute medication offered by TDCJ Pharmacy cause the Plaintiff to have seasures.

As for the 3rd issue the Plaintiff medical records tell the whole Story. Those records are in the control of the defendants

## VI

Inclonchsion, The Plaintiff would state that the defendant believe they are above the Law and can do anything they Please to inmate. In most case they don't even do what the courts instruct them to do until such things as mandatory order are made.

With this being the case the Plaintiff would request the Court to Grant this Injanction

Respectfully Submitted

12/06/18

## VII

I hereby certify that a true and correct carbon copy was Served by U.S. Mail to Briana M. Webb counsel for the defendants.

Briana M. webb
Ass. Attorney General of Texas
300 West 15th St,
7th Floor
Austin, Texas
78701-1220

Respectfully

Dec. 06, 2018
Kenneth Taylor
#828757
E.T. Terrell
1300 F.M. 655
Rosharon, Texas
77583

United States District Court
Att: Lucia Smith Clerk
601 Rosenberg St Rm. 411
P.O. Drawer 2300
Galveston, Texas
77553-2300

United States Courts
Southern District of Texas
FILED

DEC 11 2013

David J. Bradley, Clerk of Court

RE: Taylor v. Collev  CV # 3:17-cv-0358

Dear Miss. Smith,

  Enclosed you will find an objection to the ~~States'~~ Defendant Response/ Supplement. Please bring it to the Honorable Judge Hanks Attention.

Respectfully

[signature]

Kenneth Taylor #828757
C.T. Terrell Unit
1300 F.M. 655
Rosharon, Texas
77583

NORTH HOUSTON TX 773

United States District Court
Att: Lucia Smith Clerk
601 Rosenberg St. Rm 411
P.O. Drawer 2300
Galveston, Texas
77553-2300

United States Courts
Southern District of Texas
FILED

DEC 11 2018

David J. Bradley, Clerk of Court

77553-230000